In the Matter of JAMES W. FARRELL (Admitted as JAMES WILLIAM FARRELL), an Attorney, Resignor.

Second Department, January 13, 1992

**APPEARANCES OF COUNSEL**

*Fink Weinberger, P. C.,* for resignor.

*Robert H. Straus* for Grievance Committee for the Second and Eleventh Judicial Districts.

**OPINION OF THE COURT**

Per Curiam.

James W. Farrell has submitted an affidavit dated July 24, 1991, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Farrell was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on October 18, 1961, under the name James William Farrell.

Mr. Farrell acknowledges that he is the subject of an

investigation by the Grievance Committee for the Second and Eleventh Judicial Districts concerning allegations that he mishandled client escrow funds, maintained negative balances in his escrow account, commingled clients' funds with his own funds in his escrow account, and failed to maintain adequate bookkeeping records for his escrow account. Mr. Farrell acknowledges that at the present time he owes $4,000 to a former client and may be required, pursuant to Judiciary Law § 90 (6-a), to make restitution in that amount.

Mr. Farrell indicates that his resignation is freely and voluntarily tendered, that he is not being subject to coercion or duress, that he is fully aware of the implications of submitting his resignation, and that he could not successfully defend himself on the merits against disciplinary charges based upon the aforementioned allegations.

The chief counsel for the Grievance Committee recommends that the court accept the resignation. Under the circumstances herein, the resignation of James W. Farrell as a member of the Bar is accepted and directed to be filed. Accordingly, James W. Farrell is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the resignation of James W. Farrell is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James W. Farrell is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that James W. Farrell shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, James W. Farrell is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself

out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), James W. Farrell, is directed to make restitution in the amount of $4,000, less the amount of any award by the Lawyers' Fund for Client Protection, to Stanley Owocki, whose money was misappropriated; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the person whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.